69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul Luna VASQUEZ, Plaintiff-Appellant,
v.
Paul LEAVITT, Parole Supervisor; John P. Dolan, Parole
Officer; David Sanchez, Member of the Colorado Board of
Parole; A.C. Lusby, Assistant District Attorney; Donna
Thurlow, D.O.C., Time Computation Supervisor, Defendants-Appellees.
 No. 95-1062.
(D.C.No. 94-S-1899)
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 JAMES E. BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's entry of summary judgment in favor of defendants in his civil rights action brought pursuant to 42 U.S.C.1983, as well as the district court's denial of his post-judgment motions brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Plaintiff, who is a Colorado inmate, brought suit in federal court against defendants Thurlow and Lusby alleging civil rights violations with respect to the computation of his sentence, the revocation of his parole, and his prosecution for the crimes that formed the basis of the parole revocation. That suit was dismissed in April 1994 for failure to state a claim. Instead of appealing that decision, plaintiff filed another civil rights complaint on August 15, 1994, against Thurlow and Lusby, as well as the other defendants named above. The allegations of plaintiff's second complaint are based on his erroneous belief that he completed service of his sentence part of the way through his five-year parole term and, therefore, that the imposition of the five-year parole term was itself unlawful, as was the subsequent revocation of that parole and the reincarceration of plaintiff.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Federal Rule of Civil Procedure 56(c). Universal Money Ctrs, Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994). The district court entered summary judgment in favor of defendants on a variety of grounds. Because we find the court's rulings on the issues of res judicata and the statute of limitations dispositive, we need not address the other grounds upon which the district court rested its decision.
 
 
 5
 Pursuant to the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "A claim is barred by res judicata if three elements exist: (1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies." Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir.1993). All the elements necessary to bar plaintiff's claims under the doctrine of res judicata exist here.
 
 
 6
 First, the record shows that plaintiff's first civil rights action was dismissed for failure to state a claim, which constitutes a final adjudication on the merits, see Okusami v. Psychiatric Inst. of Washington, Inc., 959 F.2d 1062, 1066 (D.C.Cir.1992). Second, even though some of plaintiff's theories of recovery in the present action are different from those in the first action, this difference is not sufficient to avoid the application of res judicata principles. A review of the complaints from the two actions shows that both arise out of the same transactional facts and, therefore, are based on the same cause of action, see May v. Parker-Abbott Transfer & Storage, Inc., 899 F.2d 1007, 1009-10 (10th Cir.1990) (explaining that we apply a "transactional approach" when determining what constitutes a single cause of action). Because plaintiff's present claims could have been raised in the first action, they may be barred by the doctrine of res judicata even if they were not actually raised in that action. See Allen, 449 U.S. at 94. Finally, plaintiff does not dispute that Thurlow and Lusby were parties to both actions. Therefore, the district court properly ruled that plaintiff's claims against Thurlow and Lusby are barred by the doctrine of res judicata and entered judgment against plaintiff on those claims.
 
 
 7
 We turn then to the claims against the remaining defendants, Leavitt, Dolan, and Sanchez. Leavitt and Dolan are both parole officers and were involved in issuing the two complaints for parole revocation which were served on plaintiff in the summer of 1991. Sanchez was the member of the Parole Board who signed the order revoking plaintiff's parole in December 1991. All of the acts by these defendants of which plaintiff complains were taken on or before December 19, 1991. Plaintiff did not file the present action, however, until August 15, 1994.
 
 
 8
 Because 1983 does not have its own limitations period, we borrow Colorado's residual statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-50 (1989). In July 1986, the Colorado legislature adopted a two-year residual statute of limitations for tort actions. Colo.Rev.Stat. 13-80-102. Because plaintiff filed the present action more than two years after the last allegedly unconstitutional act occurred, his claims against defendants Leavitt, Dolan, and Sanchez are time-barred. Therefore, the district court properly entered summary judgment against plaintiff on those claims.
 
 
 9
 Finally, we consider the district court's rulings on plaintiff's post-judgment motions, which we review for an abuse of discretion. See Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir.1994) (Rule 59(e) motion); Dowell ex rel. Dowell v. Board of Educ., 8 F.3d 1501, 1509 (10th Cir.1993) (Rule 60(b) motion).
 
 
 10
 Through his post-judgment motions, plaintiff sought to submit untimely objections to the magistrate's report and recommendation and to amend his complaint in light of the magistrate judge's report. The district court denied plaintiff's motions, noting that, before it adopted the magistrate judge's report and recommendation, it conducted a de novo review of the magistrate's report despite plaintiff's failure to submit timely objections. The district court did not comment on plaintiff's proposed amendments to his complaint, but our review of the amendments shows that they do not remedy the defects in the original complaint which we have discussed above. Therefore, allowing plaintiff to amend his complaint would be futile. Under the circumstances, the district court did not abuse its discretion in denying plaintiff's Rule 59(e) and Rule 60(b) motions.
 
 
 11
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation